[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS THIRD COUNT
This Four-Count revised complaint arises out of the defendant's, Town of Suffield [the "Town"] alleged wrongful discharge of the plaintiff. At the time of her discharge, the CT Page 9119 plaintiff was covered by a collective bargaining agreement entered into between the Town and the defendant, National Association of Government Employees, Local R1-262 [the "Local"] and the defendant, National Association of governmental Employees [the "Union"].
The first, second and fourth count are directed at the Town, claiming a breach of the collective bargaining agreement and violations of the plaintiff's fourteenth amendment due process rights. The third count is directed at the Union and the Local, and alleges a breach of the defendants' duty of fair representation.
The Local and the Union move to dismiss the third count on the ground that the court lacks subject matter jurisdiction since plaintiff failed to exhaust his administrative remedies prior to bringing this action.
If the trial court has no jurisdiction because the plaintiff has failed to exhaust his administrative remedies, the action must be dismissed. Concerned Citizens of Sterling,204 Conn. 551, 556 (1987).
The moving defendants argue that since a breach of the duty of fair representation is a prohibited practice under the Municipal Employees Relations Act, General Statutes 7-467, et seq., ["MERA"], and plaintiff failed to exhaust his administrative remedies under MERA, the court lacks subject matter jurisdiction. Specifically, the moving defendants assert that a breach of the duty of fair representation constitutes a prohibited practice under General Statutes7-470(b)(1)(A).
A union's duty of fair representation arises under General Statutes 7-468(b), which provides that "[w]hen an employee organization has been designated by the state board of labor relations as the representative of the majority of the employees in an appropriate unit . . . that employee organization shall be recognized by the municipal employer as the exclusive bargaining agent for the employees of such unit." (Emphasis added.) In Tedesco v. Stamford, 222 Conn. 233,247, (1992) our Supreme Court citing General Statutes7-468(b), stated "As exclusive bargaining representative of the plaintiff the union ha[s] the right and obligation to act for the plaintiff and to represent his interests." CT Page 9120
General Statutes 7-470(b)(A) provides that "[e]mployee organizations or their agents are prohibited from: (1) Restraining or coercing (A) employees in the exercise of the rights guaranteed in subsection (a) of section 7-468 . . . ."
General Statutes Section 7-468(a) provides that:
 [e]mployees shall have, and shall be protected in the exercise of, the right of self-organization, to form, join or assist any employee organization, to bargain collectively through representatives of their own choosing on questions of wages, hours and other conditions of employment and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, free from actual interference, restraint or coercion.
In our view, since a breach of the duty of fair representation, which arises under 7-468(b), does not constitute a prohibited practice under General Statutes7-470(b)(1)(A) plaintiff is not required to exhaust her administrative remedies under MERA, prior to bringing this action.
In Tedesco v. Stamford, supra, the court, without finding whether a breach of a duty of fair representation was a prohibited practice under MERA, stated at p. 248 that "[i]f a union fails to submit a meritorious grievance to arbitration, an employee may sue the union for breach of its duty of fair representation." (Citation omitted).
Since we conclude that a plaintiff was not required to pursue a claim with the State Board of Labor Relations before bringing this action, defendants' motion to dismiss is denied.
Wagner, J.